UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH M. JOHNSTON, CDCR #AZ-0346,<br><br>                         Plaintiff,<br>v.<br><br>RALPH DIAZ; SCOTT KERNAN; DANIEL PARAMO; PAT CAVELLO; LT. RODRIGUEZ; D. HOUGH; S. CHAT; D. JAIME; M. VOONG; JANE/JOHN DOES 1 THROUGH 6; RJD EMPLOYEES,<br><br>                        Defendants. | Case No.: 3:19-cv-0696-GPC-AGS<br><br>**ORDER: (1) DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915A(b)(1); AND (2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND MOTION FOR PRELIMINARY INJUNCTION AS MOOT [ECF Doc. Nos. 2, 3]** |

     Jeremiah M. Johnston ("Plaintiff"), a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF Doc. No. 1.

     Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he has filed a Motion to Proceed In

1  Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), along with a Motion for
2  Preliminary Injunction. *See* ECF Doc. Nos. 2, 3.

**I.  Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is identical and duplicative of another civil action he has filed in this Court. *See Johnston v. Diaz, et al.*, S.D. Cal. Civil Case No. 3:19cv0616-AJB-BLM. A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Here, the Court finds that Plaintiff's Complaint filed in this action is identical to the pleading he filed in *Johnston v. Diaz, et al.*, S.D. Cal. Civil Case No. 3:19cv0616-AJB-BLM.

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Because Plaintiff has already brought the same claims presented in the instant action against the same defendants in *Johnston v. Diaz, et al.*, S.D. Cal. Civil Case No. 3:19cv0616-AJB-BLM, the Court must dismiss this duplicative and subsequently filed civil case pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

## II.     Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that this civil action is **DISMISSED** as duplicative pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF Doc. No. 2) and Motion for Preliminary Injunction (ECF Doc. No. 3) are **DENIED** as moot and that this dismissal shall operate without prejudice to Plaintiff's pursuit of the same claims against the same parties in *Johnston v. Diaz, et al.*, S.D. Cal. Civil Case No. 3:19cv0616-AJB-BLM.

The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: May 3, 2019

Hon. Gonzalo P. Curiel
United States District Judge